## Post v. Doremus.

*Undertaking on appeal — construction of — extent of liability on.*

Upon an appeal by a defendant to the court of appeals from an order denying a new trial, T. and F. executed an undertaking wherein, " pursuant to the statute," they undertook (1st) that the " appellant will pay all costs and damages which may be awarded against him on said appeal, not exceeding $500;" (2d) that if the judgment or any part thereof be affirmed, or appeal dismissed, appellant will pay the amount directed to be paid, etc., and (3d) " all damages and costs which shall be awarded against said appellant on said appeal." The sureties justified in the sum of $1,000 each. Upon the appeal the order appealed from was affirmed and judgment absolute directed against appellant. The amount of the judgment entered, after an assessment, was $4,887.02, and extra costs were allowed. *Held,* (1) that by the first clause the liability of the sureties was restricted to a sum certain ; (2) there being no judgment appealed from the second part of the undertaking as to payment on affirmance was surplusage ; (3) that the last part was unrestricted in its terms and the sureties were liable for the amount of the judgment finally rendered and for the extra allowance of costs.

SUBMISSION of a controversy between William T. Post and Flavel H. Doremus, survivor of Theron S. Doremus.

The case arises upon an agreed statement of facts. The plaintiff brought an action in the supreme court against one Hathorn, impleaded with one Robertson, which resulted in a verdict for the defendant. A motion was made at special term for a new trial

which was denied, and upon an appeal from the order to the general term, it was reversed and a new trial granted, with costs to abide the event. Hathorn appealed to the court of appeals and filed a stipulation that if the order was affirmed judgment absolute might be rendered against him, and upon such appeal filed an undertaking in substance as follows:

"Whereas, on the third Tuesday of November, 1867, in the supreme court at the general term, of the sixth judicial district of the State of New York, an order was made reversing the order of the special term in this action (denying the plaintiff's motion for a new trial) and granting the said respondent's motion for a new trial.

"And the above-named appellant feeling aggrieved thereby, intends to appeal therefrom to the court of appeals.

"Now, therefore, we, Theron S. Doremus, of No. 7 Erie Buildings, Reade street, in the city of New York, and F. H. Doremus, of No. 7 Erie Buildings, Reade street, in said city, do hereby, pursuant to the statutes in such case made and provided, undertake that the said appellant will pay all costs and damages which may be awarded against him on said appeal, not exceeding $500, and do also undertake, that if the said judgment so appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the said appellant will pay the amount directed to be paid by the said judgment, or the part of such amount as to which the said judgment shall be affirmed, if it be affirmed only in part, and all damages and costs which shall be awarded against said appellant on said appeal.

"Dated *December* 3, 1867.

"Theron S. Doremus.
"F. Harry Doremus."

To the said undertaking was annexed an affidavit of each of the securities, that he was a householder, and worth the sum of $1,000, and the sum was duly acknowledged.

The court of appeals affirmed the order, and judgment absolute was ordered in pursuance of the stipulation, with costs. The proceedings were remitted to the supreme court where the plaintiff's damages were assessed, costs adjusted upon notice, and without objection, and judgment entered on the 11th day of August, 1873, for $4,887.02, damages and costs. The plaintiff proposed to move

for an extra allowance, and Hathorn's attorney stipulated that it should be granted, and it was included in the costs.

During the litigation, two several orders were made at special term in relation to matters of practice in the case, which were appealed to the general term by Hathorn, and being affirmed, appealed to the court of appeals, which appeals were heard at the same time as the appeal from the order granting a new trial, and the orders affirmed, with costs.

*D. B. Hill,* for plaintiff.

*C. M. Marsh,* for defendant.

MILLER, P. J. The undertaking executed by the defendants upon the appeal taken to the court of appeals, provided, first, for the payment of all costs and damages which might be awarded against the appellant in said appeal, not exceeding $500; second, for the amount directed to be paid, if the judgment appealed from, or any part thereof, be affirmed, or the appeal be dismissed, or the part of such amount as to which the said judgment should be affirmed, if it be affirmed only in part. And third, to pay all damages and costs which shall be awarded against the appellant on said appeal. The first part restricts the amount to a sum certain, which is specified. The second provides for the payment of a judgment on such part thereof as may be affirmed, when there was no judgment appealed from; and is entirely inapplicable to the order from which the appeal was taken. It may, I think, be regarded as redundant and superfluous, and considered stricken out as surplusage. The third part is unrestricted in its terms, and fairly interpreted, includes all costs and damages arising to the plaintiff by reason of the appeal. This is a legitimate and rational construction from the terms and language of the undertaking, and I think, in judgment of law, is contained in it. *Rogers* v. *Kneeland,* 10 Wend. 218.

It may, I think, be considered, either as a continuation of the first part, which extends the obligation beyond the $500 therein specified, or as an independent and distinct clause, which has precisely the same effect. In either point of view, it is, I think, broad and comprehensive enough, to embrace all costs and damages which might finally be awarded against the appellant,

which necessarily would include the full amount of the judgment awarded by the court of appeals.

It is no objection to an undertaking that the penalty is for more than the amount required (*Ex parte Eastabrooks*, 5 Cow. 27), nor in my opinion, that it is broader in its terms than was actually necessary. Hence, it cannot be urged that this instrument was too comprehensive, and unless it was not embraced within some rule of law, it cannot, I think, be avoided.

It is objected that it was for more than was required by section 334 of the Code, which limits such an undertaking to the costs of the appeal, not exceeding $500, and which is the only undertaking required upon such an appeal. It is true, that the first part of the undertaking embraces an appeal from an order, under this section, but it does not of itself stay the proceedings in the court below, and the only way in which the proceedings in the court below can be stayed after an order for a new trial has been made, is by a motion directly to the court for that purpose, where the proper terms can be imposed as to security, so as to protect the respondent against loss, if the court of appeals should have affirmed the order, or, as in this case, directed a judgment in his favor. See *McMahon* v. *Allen*, 22 How. 193.

The undertaking, therefore, under section 334, would not have stayed the plaintiff's proceedings, and the plaintiff would have been authorized to disregard the appeal, and could have proceeded under the order granting a new trial, the same as if no appeal had been taken.

No motion appears to have been made in the case, or any order specifying the terms on which a stay would be granted, but the bond was executed voluntarily, and perhaps for the very purpose of rendering any such motion unnecessary. It contained a provision which, I think, covered all costs and damages, and was amply sufficient for such a purpose.

It was all which could have been required, and no further proceedings were taken by the plaintiff in the court below, after it was executed, until the judgment of the court of appeals, some six years thereafter. Although the undertaking was not given in pursuance of an order of the court, yet, inasmuch as it was for the benefit of the appellant, and he chose thus to avoid the necessity of making a motion for a stay, and the plaintiff accepted the undertaking instead of proceeding with the case, as he had a perfect

right to do, I am not able to discover any valid legal ground which will relieve the defendant from liability. It is no answer to say that the undertaking derives its entire force from the statute, under which it is given, because there is no provision of the Code which provides distinctly for an undertaking upon a stay, or the mode or terms by which proceedings shall be stayed by the court. It is enough that it includes all that it is required to cover the final judgment in the case, to render it valid and binding.

The provision of section 341 of the Code, that an undertaking shall be of no effect, unless it be accompanied by an affidavit of the sureties, that they are each worth double the amount, cannot affect the validity of the undertaking, because it has been strictly carried out, by the affidavit of the sureties, so far as any amount is specified.

As the undertaking in question clearly included the judgment absolute rendered by the court of appeals, under section 11, subdivision 2 of the Code, against the appellant, upon affirming an order, the plaintiff is entitled to a judgment for the amount, with legal costs. As to the costs, I think, that the plaintiff is entitled to the extra allowance. See *Beals* v. *Benjamin,* 29 How. 101; *Clark* v. *City of Rochester,* id. 97. The costs on other appeals from orders are not included in the undertaking, as they are not either costs or damages awarded against the appellant upon the appeal.

As the case stands, the plaintiff is entitled to a judgment for the full amount claimed, deducting $180 for costs, on affirmance of two orders, in the court of appeals, with costs.

JAMES, J., dissented.

*Judgment for plaintiff.*